# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TINA SISK BLACKBURN,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06CV00114 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **TOWN OF COEBURN, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*C. Eugene Compton, Compton & Compton, P.C., Lebanon, Virginia, for Plaintiff; Henry Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Defendants.*

In this civil case claiming police misconduct, the defendants have moved to dismiss certain of the causes of action. For the following reasons, I will grant in part and deny in part the defendants' Motions to Dismiss.[1]

I

For the purposes of the Motions to Dismiss, I must accept as fact the following allegations made by the plaintiff in her Complaint.

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

On the night of December 5, 2004, Tina Sisk Blackburn ("the plaintiff") and her boyfriend (and now husband), Anthony Blackburn ("Blackburn"), were at their home on Alfred Street in Coeburn, Virginia. At approximately 10:30 p.m., Kim Mullins and Michelle Davis arrived at the plaintiff's residence in separate vehicles. After approaching the porch of the plaintiff's home, Mullins turned away, left the plaintiff's property, and crossed the street to a neighbor's home to call 911 to request that police be dispatched to the scene. The plaintiff does not allege the reason why Mullins called the police.

Defendants Tony Davis, Bradley Bradford, and Jason Jackson, all of whom were employed as police officers by the Town of Coeburn, arrived only moments after being summoned to the scene.[2] The plaintiff alleges that both she and Blackburn were on their porch when the police arrived. However, Mullins and Michelle Davis remained at a neighbor's house across the street. At some point and for reasons unspecified by the plaintiff, she and Blackburn began yelling at Mullins and Michelle Davis, who were across the street. The plaintiff alleges that when this occurred the police officers forced her and Blackburn back into her home. After being called by one of the officers to come back outside, Blackburn returned to the porch. While

---

[2] Defendant Jason Jackson has been voluntarily dismissed as a party by the plaintiff.

standing on the porch, Blackburn was sprayed with pepper spray, grabbed by his ponytail, handcuffed, and then beaten about the legs and back by the three officers.

After witnessing this incident, the plaintiff yelled at the officers to request that they stop beating Blackburn. She claims that without any provocation Officer Davis struck her on the front of her head with a police baton and that she was knocked to the floor of the porch. After falling to the ground, Officer Davis placed his knees into her back, handcuffed her, and sprayed her with pepper spray. He then picked her up, took her inside the house, and forcibly threw her onto a couch. The plaintiff claims that she did not resist arrest at any point during the altercation or threaten violence to any of the police officers at the scene.

The plaintiff was thereafter transported to the hospital. Following treatment for injuries she had sustained while she was handcuffed by Officer Davis, she was taken to the Wise County Jail where she was held until approximately 5:00 a.m.

Officer Jackson swore out a criminal complaint against the plaintiff. He alleged that she had been intoxicated in public in violation of Va. Code Ann. § 18.2-388 (2004) and that she knowingly obstructed a law enforcement officer in the performance of his duties and failed or refused to cease such obstruction when requested to do so in violation of Va. Code Ann. § 18.2-460 (2004). On March 24,

2005, the plaintiff was tried on both charges and found guilty. She did not appeal the convictions.

The plaintiff further alleges that defendant Jerry Maine, the police chief of Coeburn, negligently hired Davis, Bradford, and Jackson without adequate investigation; negligently issued a metal baton to each of them without properly training them on its use; and failed to instruct, supervise, control, and discipline them on a continuing basis. The plaintiff further alleges that Davis, Bradford, and Jackson had previously used excessive force on arrestees on multiple occasions and that Chief Maine had actual knowledge of such incidents.

II

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. The court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this stage of the proceedings, the question is not whether the claim is meritorious, but whether any facts have been pleaded that give rise to a feasible claim.

The plaintiff asserts claims against the defendants based on 42 U.S.C.A. § 1983 (West 2003). That section imposes civil liability on persons acting under color of state law who deprive another person of the rights and privileges secured by the Constitution and federal laws. Although the Town of Coeburn, Police Chief Maine, and Officer Davis do not move for the dismissal of the claims filed against them under § 1983, Officer Bradford does move to dismiss the § 1983 claim against him. He argues that the plaintiff fails to allege any wrongdoing on his part that caused or contributed to any constitutional violation. The only allegation made by the plaintiff against Officer Bradford is that he accompanied Officer Davis to the plaintiff's residence and participated in the arrest of Blackburn. However, I find that the Complaint does allege sufficient facts of bystander liability on the part of Officer Bradford to survive his Motion to Dismiss.

Generally, an officer is subjected to liability under § 1983 only for affirmative misconduct. However, liability may also be premised on an officer's failure to act. The Fourth Circuit has held that an officer may be held liable under § 1983 regardless of his status as a bystander. *See Randall v. Prince George's County*, 302 F.3d 188, 203 (4th Cir. 2002). "[A]n officer may be liable . . . on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights;

-5-

(2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Id.* at 204.

Given the liberal standard of federal pleading, I find that the plaintiff has alleged sufficient facts to state a claim under that theory. Officer Bradford arrived at the scene in conjunction with Officer Davis. At the time the plaintiff alleges she was assaulted by Officer Davis, Officers Bradford and Jackson were attempting to place Blackburn under arrest in the immediate area where the plaintiff claims she was initially struck in the face. Considering the close proximity between the two officers, it is possible that Officer Bradford was aware that Officer Davis was about to use force on the plaintiff, that he could have prevented Officer Davis from using such force, and that he chose not to intervene to prevent harm to the plaintiff. Accordingly, the plaintiff has alleged sufficient facts to premise a § 1983 claim against Officer Bradford on bystander liability. *See Willis v. Oakes*, No. 2:06CV00015, 2006 WL 1589600, at *4 (W.D.Va. June 9, 2006).

III

The plaintiff asserts multiple state law tort claims stemming from her arrest, pursuant to the court's pendent jurisdiction. The plaintiff first alleges that Chief Maine and the Town of Coeburn were negligent in their hiring, training, and retention

-6-

of the officers involved in arresting her and should therefore be held liable for the injuries she sustained as a result of the alleged assault and battery committed by Officer Davis. Negligent hiring and retention are recognized as independent torts under Virginia law. *See Southeast Apt. Mgmts., Inc. v. Jackman*, 513 S.E.2d 395, 397 (Va. 1999). These torts are premised on the negligence of an employer in placing or maintaining someone in a position where it is foreseeable that the employee will pose a threat of injury to others. *See id.*; *Philip Morris, Inc. v. Emerson,* 368 S.E.2d 268, 279 (Va. 1988).

Here, regardless of the actions of the Town of Coeburn in hiring, training, and retaining the defendant officers, it is shielded from liability for any negligence on its part by sovereign immunity. Under the doctrine of sovereign immunity, Virginia municipalities are protected from liability for negligence in the performance of governmental functions. *See Niese v. City of Alexandria*, 564 S.E.2d 127, 132 (Va. 2002); *see also Burson v. City of Bristol*, 10 S.E.2d 541, 545 (Va. 1940) ("If the act be done in carrying out a governmental function, the city is not liable; if it be done in the exercise of some power of a private, proprietary or ministerial nature, the city is liable.") "[T]he maintenance of a police force is a governmental function." *Niese,* 564 S.E.2d at 133 (citing *Hoggard v. City of Richmond*, *Va.*, 200 S.E. 610, 611 (Va. 1939)).

-7-

Case 1:06-cv-00114-JPJ-PMS   Document 19   Filed 06/01/07   Page 7 of 11   Pageid#: 87

The Virginia Supreme Court has specifically rejected any exception to the doctrine of sovereign immunity in instances where police officers have committed intentional torts after being hired and retained by a municipality. *See Niese,* 564 S.E.2d at 133 ("[W]e decline to create an exception to the protection afforded by sovereign immunity for the independent tort of negligent retention."). Accordingly, the Town of Coeburn cannot be held liable for negligent hiring, training, and retention.[3]

Furthermore, in the absence of gross negligence or intentional misconduct, employees of an immune government entity are entitled to the same benefits of sovereign immunity where the employee's activities involved the exercise of judgment and discretion. *See Messina v. Burden*, 321 S.E. 2d 657, 664 (Va. 1984). The hiring, training, and retention of police officers involves the exercise of judgment and discretion. Chief Maine enjoys the same protections of sovereign immunity as

---

[3] The Town of Coeburn also argues that any state law claims premised on its negligence are barred by the plaintiff's failure to provide it notice as required by statute. *See* Va. Code Ann. § 8.01-222 (2000). Notwithstanding the protections afforded to the Town of Coeburn under the doctrine of sovereign immunity for any negligent acts on its part, in this instance the plaintiff has failed to alleged that she complied with the strict notice requirements Virginia law imposes when suing a municipality. Accordingly, any claims the plaintiff has against the Town of Coeburn should also be dismissed because of her failure to allege compliance with Va. Code Ann. § 8.01-222.

the municipality by whom he was employed. Accordingly, the state law claims against defendants Chief Maine and the Town of Coeburn will be dismissed.

IV

The defendants next move to dismiss the plaintiff's claims of malicious prosecution, false imprisonment, and false arrest. The plaintiff has admitted that on March 24, 2005, she was convicted of two criminal counts stemming from the incident in question. Under Virginia law, probable cause is a necessary element for a claim of malicious prosecution. *See Hudson v. Lanier*, 497 S.E.2d 471, 473 (Va. 1998). Conviction of a crime is conclusive evidence of probable cause and bars any subsequent action for malicious prosecution. *See Marsh v. Commercial and Sav. Bank of Winchester, Va.*, 265 F. Supp. 614, 618-19 (W.D. Va. 1967). Here, the plaintiff's conviction bars her claim of malicious prosecution against all the defendants in this case because she has made no particular allegation that such convictions were procured through their fraud or through evidence they knew to be false. *See Cramer v. Crutchfield*, 648 F.2d 943, 946 (4th Cir. 1981). Furthermore, because the plaintiff did not appeal her convictions, those convictions are final and conclusive of probable cause. *See Baker v. Elmendorf*, 628 S.E.2d 358, 362 (Va.

-9-

Case 1:06-cv-00114-JPJ-PMS   Document 19   Filed 06/01/07   Page 9 of 11   Pageid#: 89

2006). The plaintiff's claim of malicious prosecution will be dismissed against all the defendants because of her conviction of the crime charged.

Similarly, claims of false imprisonment and false arrest may be defeated by showing a sufficient legal excuse—probable cause—to restrain the plaintiff's liberty. *See Zayre of Va., Inc. v. Gowdy*, 147 S.E.2d 710, 713-14 (Va. 1966). Here, the plaintiff was charged with public intoxication and knowingly obstructing a law enforcement officer in the performance of his duties. Both charges provided a sufficient justification for holding the plaintiff for the hours in question. The plaintiff's subsequent convictions on these charges are conclusive that there was probable cause to arrest and hold her for those crimes. Accordingly, the plaintiff's claims of false imprisonment and false arrest will be dismissed against each defendant.

V

For the reasons stated, it is **ORDERED** as follows:

1. The Motions to Dismiss are granted in part and denied in part;
2. The Motion to Dismiss the § 1983 claims against defendant Bradford is DENIED;

3. The Motion to Dismiss the state law claims against the defendants Town of Coeburn and Maine is GRANTED and such claims are dismissed; and

4. The Motions to Dismiss the state law claims of malicious prosecution, false arrest, and false imprisonment against all of the defendants are GRANTED and such claims are dismissed.

ENTER: June 1, 2007

/s/ JAMES P. JONES
Chief United States District Judge